Michael K. Friedland (SBN 157,217)
michael.friedland@fciplaw.com
Joseph S. Cianfrani (SBN 196,186)
joseph.cianfrani@fciplaw.com
Nicole R. Townes (SBN 272,342)
nicole.townes@fciplaw.com
David G. Kim (SBN 307,821)
david.kim@fciplaw.com
Matt Pham (SBN 341,320)
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave. Ste. 925
Irvine, CA 92614

Attorneys for Plaintiff and Counterclaim-Defendant
UNDER THE WEATHER, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDER THE WEATHER, LLC, an Ohio limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>ALVANTOR INDUSTRY COMPANY, LTD., a California corporation, and EIGHTEENTEK, INC., a California corporation, JIANYONG WEN, an individual, LUN XU, an individual, XUDUO WEN, an individual;<br><br>Defendants. | Case No. 2:23-cv-08343-MRA-E<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>BEFORE: HON. MÓNICA RAMÍREZ ALMADANI<br>DISCOVERY CUTOFF: JULY 18, 2025<br>PRETRIAL CONFERENCE DATE: OCTOBER 6, 2025<br>TRIAL DATE: OCTOBER 20, 2025<br><br>**REDACTED VERSION** |
| ALVANTOR INDUSTRY COMPANY, LTD., a California corporation, and EIGHTEENTEK, INC., a California corporation, JIANYONG WEN, an individual, LUN XU, an individual, XUDUO WEN, an individual;<br><br>Counterclaimants,<br><br>v.<br><br>UNDER THE WEATHER, LLC, an Ohio limited liability company; | |

Counterclaim-Defendant.

UNDER THE WEATHER, LLC, an Ohio limited liability company;

Counterclaimant,

v.

ALVANTOR INDUSTRY COMPANY, LTD., a California corporation, and EIGHTEENTEK, INC., a California corporation; JIANYONG WEN, an individual, LUN XU, an individual, XUDUO WEN, an individual:

Counterclaim-Defendants.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff submits this short supplemental brief to bring to the Court's attention new facts further demonstrating that the Corporate Defendants are the alter egos of the Individual Defendants or, at the very least, that there are genuine issues of material fact that preclude summary judgment.

Plaintiff notes that this supplemental brief only addresses documents produced by Defendants, and testimony given by Defendants, ***after*** Plaintiff filed its original briefing in opposition to Defendants' motion. This brief does not address any issues or arguments raised in Defendants' Reply papers.

The new evidence obtained through discovery provides further proof that the Individual Defendants and the Corporate Defendants are the alter egos of each other. This is demonstrated below by relating the new evidence to several of the alter ego factors summarized in *Politte v. U.S.,* No. 07-cv-1950, 2012 WL 965996, at *10 (S.D. Cal. Mar. 21, 2012); *Assoc. Vendors, Inc. v. Oakland Meat Co., Inc.*, 210 Cal.App. 2d 825, 831-41 (1962); and *Mid-Century Ins. Co. v. Garnder*, 9 Cal.App. 4th 1205, 1212 & n.3 (1992).

**New evidence of commingling of funds and other assets**

The new evidence provides further confirmation that the Individual Defendants commingled assets with the Corporate Defendants. The Individual Defendants regularly directly received funds from their largest retail account, [redacted] back and forth from corporate to personal accounts, paid at least one corporate account from personal funds, and paid employees from personal funds.

- Beginning at least as early as 2018, [redacted] personal accounts. Ex. 12 to Pham Decl. at ALV017813, -017841, -195748-49, and -195775.
- Two days after Plaintiff filed this lawsuit, the Individual Defendants had Alvantor [redacted]

[redacted]. Ex. 1 to Pham Decl. at ALV015870 and -878; Ex. 8 to Pham Decl. at ALV015133.

- Five days later, [redacted] Ex. 1 to Pham Decl. at ALV015870 and -878; Ex. 8 to Pham Decl. at ALV015133.
- On May 22, 2020, [redacted]. Ex. 4 to Pham Decl. at ALV192030; *see* Ex. 8 to Pham Decl.
- Each of the Individual Defendants have paid at least one employee of Alvantor from their personal accounts via electronic transfers on Zelle. These transfers include payments to employees
  - Javier Macias. Ex. 13 to Pham Decl. at ALV195172 (Alvantor), Ex. 12 to Pham Decl. at ALV195775 (payments from Jianyong); Ex. 8 to Pham Decl. at ALV018049 (payment from Lun Xu); Ex. 10 to Pham Decl. at ALV014159 (payment from Xuduo Wen and Lun Xu);
  - Denny Yang. Ex. 13 to Pham Decl. at ALV195155 (Alvantor); Ex. 12 to Pham Decl. at ALV017966 (Three payments from Jianyong); Ex. 8 to Pham Decl. at ALV196643 (payment from Lun Xu);
  - Li Qiao. Ex. 13 to Pham Decl. at ALV195158 (Alvantor); Ex. 8 to Pham Decl. at ALV196657 (payment from Lun Xu); and
  - Mireya Ramirez. Ex. 13 to Pham Decl. at ALV195157 (Alvantor); Ex. 8 to Pham Decl. at ALV015083 (payment from Lun Xu).

**New evidence of diversion of corporate funds to other than corporate purposes**

The new evidence also provides further confirmation that the Individual Defendants diverted corporate funds to personal purposes (and, in one case, diverted [redacted]). The Individual Defendants caused the Corporate Defendants to [redacted] with no credible explanation, and

caused the Corporate Defendants to pay for personal expenses of the Individual Defendants.

- From January 16-17, 2025, Alvantor [redacted] Ex. 3 to Pham Decl. at ALV196033. Defendants did not produce any documents regarding the account that was the destination of the transfer.
- Five days later, EighteenTek [redacted] Ex. 7 to Pham Decl. at ALV195281.
- On January 30, 2024, Alvantor [redacted] Ex. 8 to Pham Decl. at ALV015075; *see* Ex. 1 to Pham Decl. Ms. Xu testified that, [redacted] Ex. 16 to Pham Decl. at 49:2-7.
- From at least March 2022 to October 2024, Alvantor [redacted]. Examples include purchases from [redacted] Ex. 19 to Pham Decl. at ALV016776-83; *see* Ex. 15 at 10:14-17 (Lun Xu goes by Ellen).
- In July 2024, Alvantor's corporate credit card was used to purchase [redacted] in Tokyo. Ex. 4 to Pham Decl. at ALV016983.

**New evidence of the Individual Defendants holding themselves out as responsible for the obligations of the Corporate Defendants**

The new evidence provides further confirmation that the Individual Defendants paid obligations of the Corporate Defendants.

- On May 22, 2020, Lun Xu paid the balance of an Alvantor corporate credit card from her personal funds. Ex. 4 to Pham Decl. at ALV192030; *see* Ex. 8 to Pham Decl.
- The Individual Defendants made payments to employees of the Corporate Defendants by Zelle, as described above.

**New evidence of disregard of formalities and failure to maintain arms-length transactions with the corporation.**

The new evidence provides further confirmation that the Individual Defendants engaged in informal and irregular transactions with the Corporate Defendants. This new evidence includes [redacted].

- On May 27, 2022, Alvantor [redacted]. Ex. 1 to Pham Decl. at ALV192993; Ex. 8 to Pham Decl. at ALV196625 (receiving account is Lun Xu's). Jianyong testified that the [redacted] Ex. 17 to Pham Decl. at 70:24-71:16. Lun Xu withdrew the [redacted] Ex. 8 to Pham Decl. at ALV196626.
- From March 2022 until October 2024, Lun Xu owed [redacted] to Alvantor. *See* Ex. 19 to Pham Decl. at ALV016782.
- At one point, Alvantor owed Lun Xu [redacted]. Ex. 19 to Pham Decl. at ALV016783; Ex. 16 to Pham Decl. at 49:2-7.

**New evidence of domination or control of the corporation by the stockholders and inequitable result**

All of the above-summarized evidence provides further confirmation that the Individual Defendants have utterly dominated and controlled the Corporate Defendants and that maintaining the fiction of the corporate form would lead to an inequitable result. The new evidence makes it unambiguously plain that the Individual Defendants used the Corporate Defendants as extensions of their own personal accounts, [redacted] in funds at whim, causing the Corporate Defendants to pay personal expenses, paying corporate obligations with personal funds, and causing [redacted] to an unknown account.

Having engaged in this behavior, it would be utterly inequitable to allow the

Individual Defendants to hide behind the corporate veil to avoid liabilities arising from the operation of the corporations that they dominated, whose assets they treated as their own, and whose corporate separateness they consistently flouted.

**Conclusion**

For the reasons set forth in Plaintiff's original Opposition, and the new facts set forth in this Supplemental Opposition, there are, at a minimum, genuine issues of material fact as to whether the Corporate Defendants are the alter egos of the Individual Defendants.

The new evidence underscores that the Individual Defendants treated the assets of the Corporate Defendants as their personal assets. The Individual Defendants arbitrarily transferred huge sums of money back and forth from the Corporate Defendants' accounts to their personal accounts and had the Corporate Defendants purchase everything from [redacted]. The Individual Defendants contend that they loaned money to, and borrowed money from the Corporate Defendants. The Individual Defendants paid Corporate Defendants' employees from their personal accounts and, in one instance, paid the one of the Corporate Defendants' credit card bills from a personal account. And [redacted] from the Corporate Defendants' accounts to a mystery account that Defendants never identified during discovery.

For all of these reasons, there are at least genuine issues of material fact, and Plaintiff respectfully requests that this Court deny Defendants' Motion.[1]

**<u>Certificate of Compliance</u>**

The undersigned, counsel of record for Plaintiff Under the Weather, LLC, certifies

---

[1] In light of this supplemental memorandum, Plaintiff withdraws its request for additional discovery pursuant to Fed. R. Civ. P. Rule 56(d).

that this brief contains 1385 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: August 4, 2025

FRIEDLAND CIANFRANI LLP

By: *<u>/s/ Nicole R. Townes</u>*

Michael K. Friedland
Joseph S. Cianfrani
Nicole R. Townes
David G. Kim
Matt Pham

Attorneys for Plaintiff and Counter-Defendant Under the Weather, LLC