UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08343-MRA-E | Date | August 6, 2026 |
| Title | *Under the Weather, LLC v. Alvantor Industry Company, Ltd. et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINITFF'S MOTION FOR RECONSIDERATION [216]**

Before the Court is Plaintiff's Motion for Reconsideration. ECF 216. The Court read and considered the briefing related to this Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

The Court previously summarized the background of this action in its order granting Defendants' Motion for Partial Summary Judgment (the "MSJ Order"). ECF 213. The Court therefore incorporates the background section contained in the MSJ Order as if set forth fully herein.

In brief, on June 30, 2025, Defendants Jianyong Wen ("Jianyong"), Lun Xu ("Lun"), and Xudo Wen ("Xudo") (collectively, "Individual Defendants") moved for partial summary judgment to dismiss Plaintiff's alter ego claims against Individual Defendants. ECF 146. On March 4, 2026, the Court granted Defendants' motion and dismissed Individual Defendants with prejudice. ECF 213.

On March 19, 2026, Plaintiff Under the Weather, LLC ("Plaintiff" or "UTW") filed a Motion for Reconsideration of the MSJ Order (the "Motion"). ECF 216. On April 28, 2026, Individual Defendants filed an Opposition to the Motion. ECF 221. On May 5, 2026, Plaintiff filed a Reply in support of the Motion. ECF 222. Trial in this case is set to commence on August 31, 2026. ECF 220.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08343-MRA-E | Date | August 6, 2026 |
| Title | *Under the Weather, LLC v. Alvantor Industry Company, Ltd. et al.* | | |

## II. LEGAL STANDARDS

Plaintiff moves for reconsideration of the Court's MSJ Order under Federal Rules of Civil Procedure ("Rule") 59 and 60. *See* ECF 216 at 6-7. As a general matter, a motion for review of a judgment or order is treated as a Rule 59(e) motion to alter or amend judgment if it is timely filed following entry of judgment, and otherwise as a Rule 60(b) motion for relief from a judgment or order. *See* Fed. R. Civ. P. 59(e) (motion must be filed no later than 28 days after entry of judgment); *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Here, because Plaintiff filed this Motion within 28 days after the MSJ Order, the Court will evaluate the Motion under Rule 59.

Relief under Rule 59(e) should not be granted "unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Importantly, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The movant bears the burden of demonstrating that reconsideration is proper. *See 389 Orange Street Partners*, 179 F.3d at 665.

Local Rule 7-18 also applies to motions for reconsideration in this district, providing that:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

Ultimately, "whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08343-MRA-E | Date | August 6, 2026 |
| Title | *Under the Weather, LLC v. Alvantor Industry Company, Ltd. et al.* | | |

## III. DISCUSSION

Plaintiff argues that the MSJ Order was "based on clear error and would work manifest injustice" for two reasons: (1) the Court improperly determined that Defendants Alvantor Industry Company Ltd. ("Alvantor") and EighteenTek, Inc. ("EighteenTek") (collectively, "Corporate Defendants") are sufficiently capitalized and have amassed significant annual revenue; and (2) the Court dismissed Individual Defendants with prejudice despite its analysis confirming that Plaintiff could raise the issue of alter ego post-judgment. ECF 216 at 7.[1] The Court disagrees.

*First*, the Court properly dismissed Plaintiff's alter ego claims against Individual Defendants because Plaintiff failed to "show why or how an inequitable result is likely to occur but for the application of the alter ego doctrine and the piercing of the corporate veil." ECF 213 at 12-13. Plaintiff fails to articulate why the Court's ruling was clearly erroneous and largely rehashes the same arguments it made in opposition to Defendants' Motion for Partial Summary Judgment. Specifically, Plaintiff argues that the Court may not rely on the draft tax returns and revenue figures provided by Defendants in the Declaration of Jianyong Wen ("Jianyong Declaration"). ECF 216 at 8-11. The Court has already considered and rejected this argument:

> These tables and figures are derived from Alvantor's and EighteenTek's tax documents. *See* Jianyong Decl. Exs. 10–13. Plaintiff does not dispute these facts substantively but rather disputes the admissibility of the tax documents, arguing that they are hearsay because the information was "prepared by an accountant" and therefore the declarant (here, Defendant Jianyong Wen) does not have personal knowledge as to the truth of the contents. *Id.* ¶¶ 29–33. The Court overrules these objections because at the summary judgment stage, the Court focuses not on the admissibility of the evidence's form but on the admissibility of its contents. *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001). To the extent

[1] Individual Defendants argue that Plaintiff's Motion does not comply with Local Rule 7-3 because Plaintiff's counsel raised the Motion with Defense counsel only one day before it was filed. ECF 221 at 7 (citing L.R. 7-3 ("counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . . at least 7 days prior to filing the motion")). The Motion was noticed for a hearing on May 19, 2026, which Defense counsel agreed was an acceptable date. ECF 222-1, Declaration of Nicole R. Townes ¶ 5, Ex. 1. Individual Defendants' argument lacks merit because they were not prejudiced in the filing of this Motion—counsel discussed the contents of the Motion before filing it and confirmed that the hearing date was acceptable for all parties. Moreover, Defendants had over a month to respond to the Motion.

> Defendants seek to use these tax records for the truth of the matters asserted therein (rather than for a non-hearsay purpose), the contents of those records could be properly admitted through witness testimony at trial. Moreover, the tax documents may be admissible under the public records exception to the hearsay rule. *United States v. Stefani*, 338 F. App'x 579, 581 (9th Cir. 2009) (holding "[defendant's] personal tax returns were admissible as certified tax returns are admissible under the public records exception to the hearsay rule").

ECF 213 at 4 n.5. The Court fails to see how Plaintiff's arguments are nothing more than "an impermissible attempt to have a 'second bite at the apple.'" *Keller v. Berryhill*, No. CV 16-5042 SS, 2018 WL 6112560, at *4 (C.D. Cal. Jan. 8, 2018) (citation omitted). To the extent any of Plaintiff's arguments were not previously raised, they are improper because they are rooted in facts and law available at the time Plaintiff opposed Defendants' Motion for Partial Summary Judgment and should have been raised earlier. *See Carroll*, 342 F.3d at 945 (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Nonetheless, the Court addresses Plaintiff's arguments below.

Plaintiff takes issue with the Court's reliance on *Block* to consider the draft tax returns and revenue figures provided in the Jianyong Declaration. Plaintiff argues that under *Block*, the Jianyong Declaration should have been excluded from consideration on summary judgment because Jianyong lacked personal knowledge regarding the content of his declaration. ECF 216 at 8-9. The court in *Block* explained that "to survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of [Rule 56]. With respect to evidence submitted by affidavit, Rule 56(e) requires the affidavits 'shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'"[2] 253 F.3d at 418-19. The Court previously considered

[2] Plaintiff contends that the standard set forth in *Block* does not apply to the Jianyong Declaration because "Defendants were moving for summary judgment, not trying to survive it." ECF 216 at 8. This argument is unavailing. Rule 56(e) clearly governs all affidavits submitted in relation to a summary judgment motion. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) ("Rule 56 permits the use of affidavits in evaluating a motion for summary judgment. While the facts underlying the affidavit must be of a type that would be admissible as evidence, Fed. R. Civ. P. 56(e), the affidavit itself does not have to be in a form that would be admissible at trial.").

Plaintiff's arguments and ultimately determined that Jianyong had personal knowledge regarding the contents of his declaration. *See* ECF 213 at 4 n.5. The Court also dismisses Plaintiff's argument that the "unsigned and uncertified draft tax returns" are inadmissible and thus should not be considered, ECF 216 at 11, because it correctly determined that the information set forth in the Jianyong declaration could be properly admitted at trial, ECF 213 at 4 n.5.

Plaintiff also argues that "[a]t a minimum, there is a genuine dispute of material fact as to whether the large payments made by Alvantor and EighteenTek in January 2025 were to a supplier in the normal course of business." ECF 216 at 14. Plaintiff asserts that these payments demonstrate that Corporate Defendants have not amassed significant annual revenue and are not sufficiently capitalized. *Id.* at 12. However, the Court expressly considered these payments, *see* ECF 213 at 7, and in "[v]iewing the evidence in light most-favorable to [Plaintiff] and considering the totality of the circumstances, the Court conclude[d] that Plaintiff has failed to establish a genuine issue of material fact as to the likelihood of an inequitable result," *id.* at 12. Plaintiff clearly disagrees with the Court's determination but fails to show how the Court made a clear error in finding it undisputed that Corporate Defendants "are not in debt and have never failed to pay a creditor" and amass significant revenue. *Id.* at 12.

Absent from Plaintiff's Opposition to the Motion for Summary Judgment and in its briefing related to the instant Motion is any convincing argument that an inequitable result is likely to occur if the corporate veil is not pierced. Plaintiff previously asserted that Individual Defendants acted in bad faith when they "made misrepresentations on corporate filings and tax returns and used corporate funds for personal expenses." ECF 163 at 23. Plaintiff argued that "the current capitalization" of Corporate Defendants is "unclear," but did not provide any evidence raising a genuine issue of material fact on this issue. *Id.* at 22. In the instant Motion, Plaintiff argues that "there is at least a genuine dispute of material fact as to whether the Corporate Defendants have engaged in suspicious activity with their bank accounts, including transfers of millions of dollars to unknown accounts, that should be decided by a jury" because "it would be reasonable to infer that an inequitable result could occur." ECF 216 at 14.

Viewing all inferences in favor of Plaintiff, the Court struggles to see how any inequitable result may occur here outside of Plaintiff's speculative concern that Corporate Defendants will seek to evade judgment. The Court agrees that the evidence presented raises a triable issue of fact as to the unity-of-interests prong but finds that it fails to raise any dispute regarding the inequitable-results prong. Plaintiff's characterization of the "enormous doubt as to whether funds will be available to satisfy a judgment" as "the quintessential inequitable result," ECF 222 at 6, plainly cuts against precedent. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003) ("California courts have rejected the view that the potential

difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine."); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHX), 2015 WL 12710753, at *4 (C.D. Cal. June 3, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) ("[A] litigant's 'inability to pay' does not satisfy this second element of alter ego liability under California law."); *Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 539, (2000) ("Difficulty in enforcing a judgment or collecting a debt does not satisfy [the alter ego] standard"). Insolvency or inadequate capitalization may suggest an inequitable result when "a corporation is so undercapitalized that it is unable to meet debts that may reasonably be expected to arise in the normal course of business." *Perfect 10, Inc.*, 847 F.3d at 677. However, here it is undisputed that the Corporate Defendants are not in debt and have never failed to pay a creditor. Accordingly, the Court reaffirms its ruling dismissing Plaintiff's alter ego claims against Individual Defendants. *See Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 330 (C.D. Cal. 2004) ("Even if plaintiff had adduced sufficient evidence to raise triable issues of fact regarding the unity of interest prong of the alter ego test, it has not adduced specific facts tending to show that if the acts are treated as those of the corporation alone, an inequitable result will follow.") (citation and quotation marks omitted).

*Second*, the Court properly dismissed Individual Defendants from this action. Plaintiff is concerned, however, that its rights to seek post-judgment relief may be restricted because the Court dismissed Individual Defendants "with prejudice." ECF 216 at 14-15. To be clear, the Court's intention in dismissing Individual Defendants with prejudice was to bar Plaintiff from re-alleging its alter ego theory against Individual Defendants pre-judgment. This holding does not have any bearing on Plaintiff's ability to seek post-judgment relief against Individual Defendants.

As explained in the MSJ Order, "if [Plaintiff] is unable to collect on any judgment it might obtain against [the Corporate Defendants], it will have a full complement of post-judgment remedies that will enable it to enforce its judgment against [the Corporate Defendants] and any related entities." ECF 213 at 12 (quoting *Advanced Eng'g Sols. Co., LLC v. Pers. Corner, LLC*, No. CV 20-5955-JFW(PLAX), 2021 WL 1502705, at *6 (C.D. Cal. Feb. 25, 2021)). For example, under Federal Rule of Civil Procedure 69(a), a California district court may amend a judgment to add additional judgment debtors under an alter ego theory, in compliance with California Code of Civil Procedure § 187. *See In re Levandar*, 180 F.3d 1114, 1120–21 (9th Cir. 1999). Adding a judgment debtor "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." *Leek v. Cooper*, 194 Cal. App. 4th 399, 419 (2011). Should Plaintiff seek to enforce a judgment against Individual Defendants, it may seek equitable remedies which remain available to it post-judgment. *See Stacy v. Whittington Motors Sports, Inc.*, No. 2:23-CV-03700-SSC, 2024 WL 5341331, at *7 n.3 (C.D. Cal. Dec. 5, 2024) (explaining that a judgment debtor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08343-MRA-E | Date | August 6, 2026 |
| Title | *Under the Weather, LLC v. Alvantor Industry Company, Ltd. et al.* | | |

may be added under an alter ego theory even after a jury finds him not liable for those claims because a motion to add a judgment debtor is an equitable remedy); *Azod v. Robinson*, No. 2:22-CV-05214-CAS-MRWX, 2026 WL 1662276, at *11 (C.D. Cal. Jan. 12, 2026) (granting motion to amend final judgment to add judgment debtors, including an entity and an individual who was the entity's sole owner).

Accordingly, Plaintiff's Motion for Reconsideration [216] is **DENIED**.

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk mku