Brian Yates (SBN 210667)
Xiyan Zhang (*Pro Hac Vice*)
xzhang@stratumlaw.com
Pete Wolfgram (*Pro Hac Vice*)
pwolfgram@stratumlaw.com
STRATUM LAW LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073

Attorneys for Defendants
ALVANTOR INDUSTRY COMPANY, LTD. and
EIGHTEENTEK, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDER THE WEATHER, LLC, an Ohio limited liability company,<br><br>Plaintiff/Counterclaim Defendant,<br>v.<br><br>ALVANTOR INDUSTRY COMPANY, LTD., a California corporation; and EIGHTEENTEK, INC., a California corporation,<br><br>Defendants/Counterclaimants. | Honorable Mónica Ramírez Almadani<br><br>Honorable Charles F. Eick<br><br>Case No. 2:23-cv-08343-MRA-E<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DESIGN PATENT INVALIDITY AND TRADEMARK DAMAGES**<br><br>Complaint Filed: October 7, 2023<br>Trial: October 19, 2026 |

## I. INTRODUCTION

Defendants Alvantor Industry Company, Ltd. and EigheenTek Inc. ("Alvantor" or "EighteenTek") respond to Plaintiff Under the Weather, LLC's ("Plaintiff" or "UTW") Motion *in Limine* to Exclude Evidence of Design Patent Invalidity and Actual Trademark Damages. ECF 276.

Plaintiff alleges that certain of Defendants' tent products infringe its U.S. Design Patent Nos. D691,689, D691,690, D711,997, and D711,998 ("The Asserted Patents.") It is undisputed that the Asserted Patents cover a minimalistic, angular tent panel design, including side wall panels that taper upwards and a transparent zipper window panel. For example, Figure 1 of the Asserted US Patent D691,689 is shown below, along with Plaintiff's commercial product embodying the Asserted Patents, the "OriginalPod:"



FIG. 1



In their Answer, Defendants asserted a Counterclaim for Patent Invalidity, referencing several prior art references that explicitly mapped to the asserted patents:

- "The Asserted Patents are invalid as anticipated or obvious over the Outback Porta-Privy product from 2009. https://backcountry-camping-gear-reviews.blogspot.com/p/gear-review-from-2009-camping-season.html." Defendants' Answer to Original Complaint, ECF 27, ¶¶ 136.

- "The Outback Porta-Privy product is shown below compared to Figure 4 from the '689 Patent. The same similarities exist with the claimed design of the '997 Patent."



FIG. 2





FIG. 4




Id., ¶¶ 138, 139.

In their Answer, Defendants also specifically referenced Taiwanese Patent No. TWM358851 and United States Patent Publication No. 20060169310 as prior art to establish obviousness under Section 103. *Id.*, ¶¶ 141-143-146; *see also Id.*, ¶ 147, referencing yet several additional prior art references that, alone, or in combination, render the UTW's asserted design patents obvious. Defendants disclosed these same invalidity contentions, citing the same prior art, again in their response to UTW's First Interrogatory requests. Ex. A, Defendants' Response to Interrogatory No. 10.

## II. LEGAL ARGUMENT

### A. Defendants Disclosed the Prior Art References at the Start of the Case

Plaintiff's motion *in limine* is a *de facto* motion for summary judgment filed long after the deadline. As shown above, the Defendants asserted their invalidity theories at the outset of this litigation—explicitly comparing the prior art to the asserted patents.[1] Defendants' reiterated the prior art references in their interrogatory responses. The Plaintiff has thus been aware of these references for years, and possessed every procedural tool necessary to explore them—including conducting depositions, issuing follow-up discovery requests, or instructing its own technical expert to draft an expert report on the issue of patent invalidity.

[1] The United States District Court for the Central District of California does not have district-wide local patent rules addressing design patent obviousness or general patent procedures.

If Plaintiff believed that Defendant could not meet its burden of proving invalidity, the proper procedural vehicle was a timely filed motion for summary judgment. By attempting to do so now via a motion *in limine*, Plaintiff seeks to: (1) evade the strict standards of Rule 56, which require the Court to view all facts and draw all reasonable inferences in the light most favorable to the non-moving party (Defendant); (2) deny Defendants the procedural protections of a full summary judgment briefing cycle; and (3) resurrect a dispositive issue long after the court-ordered deadline for dispositive motions has lapsed. Presenting the prior art references to the jury would not prejudice Plaintiff; they have been on the record since 2024.

**B. Establishing Design Patent Invalidity Does Not Require Expert Testimony**

Plaintiff wrongly asserts that expert testimony is required "to explain how or why a person of ordinary skill in the art at the relevant time would select and combine prior art references." Motion, pp. 7-8. This is incorrect as a matter of law. In *High Point Design LLC v. Buyer's Direct, Inc.*, 730 F.3d 1301 (Fed. Cir. 2013), a design patent case involving a slipper, the Federal Circuit stated that "although obviousness is assessed from the vantage point of an ordinary designer in the art, 'an expert's opinion on the legal conclusion of obviousness is neither necessary nor controlling.'" *High Point* at 314.

In fact, the Federal Circuit has long emphasized that "[i]n many patent cases expert testimony will not be necessary because the technology will be 'easily understandable without the need for expert explanatory testimony.'" *Centricut*, LLC *v. Esab Group, Inc.*, 390 F.3d,1369 (Fed. Cir. 2004); *see also Perfect Web Technologies v. Infousa, Inc.,* 587 F.3d 1324, 1329 (Fed. Cir. 2009) (finding of obviousness "***may include recourse to logic, judgment, and common sense***

***available to the person of ordinary skill that do not necessarily require explication in any reference or expert opinion***.") (emphasis added).

Numerous additional cases find similarly. *See Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1384 (Fed. Cir. 2004) (finding that "[e]xpert testimony is not a necessary prerequisite to a determination of invalidity because in many cases, "the technology will be 'easily understandable without the need for expert explanatory testimony'"); *Advanced Technology Materials, Inc. v. Praxair, Inc.,* 228 Fed. App'x 983, 985 (Fed. Cir. 2007)("The motivation to combine [prior art references] may be apparent based on "logic, judgment, and common sense, in lieu of expert testimony") (internal citations omitted); *Kroy IP Holdings, LLC v. Safeway, Inc.*, 107 F. Supp. 3d 656, 2015 U.S. Dist. LEXIS 69364, 2015 WL 3452617, at *2 (E.D. Tex. May 29, 2015) (expert testimony not required where, despite a patent's use of "unnecessarily verbose" and abstract language, the patent "does not involve technology of any significant complexity" and "requires no more than an educated layperson's knowledge of computers to comprehend"); *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567 (Fed. Cir. 1984) (affirming summary judgment of obviousness based purely on the prior art documents themselves and without any expert testimony).

Here, UTW does not dispute that the asserted design patents and prior art references involve very basic tent designs that are easily comprehended by a person of average intelligence. Nearly everyone has either seen or purchased a tent. If expert testimony was not required to understand the patented computer technology and prior art references in *Kroy IP Holdings,* it certainly isn't necessary here.

UTW contends that the Federal Circuit's recent en banc decision in *LKQ Corp. v. GM Global Technology Operations LLC* undermines Alvantor's authorities, but *LKQ* confirms the opposite. In *LKQ*, the Federal Circuit held that Congress's statutory scheme subjects design patents to the same conditions of patentability that

apply to utility patents and adopted the flexible *Graham* framework used to evaluate utility-patent obviousness. 102 F.4th 1280, 1289–90, 1295 (Fed. Cir. 2024) (en banc). The court expressly rejected the design-patent-specific *Rosen-Durling* test as improperly rigid and held that design-patent obviousness must be evaluated under 35 U.S.C. § 103 using factual criteria similar to those applied to utility patents. *Id.* at 1290, 1295–96.

Accordingly, the utility-patent authorities discussed above—including *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007), *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1239–40 (Fed. Cir. 2010), *Perfect Web Technologies, Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1329–30 (Fed. Cir. 2009), and *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1365 (Fed. Cir. 2008)—remain applicable to Alvantor's design-patent obviousness defenses. Those decisions recognize that, where the asserted patent and prior art are readily understandable and the relevant factual matters do not require specialized technical knowledge, obviousness may be established through the prior art, logic, judgment, and common sense without expert testimony. *LKQ* therefore does not foreclose Alvantor from presenting its invalidity defenses to the jury without an expert. It confirms that those defenses are governed by the same flexible § 103 framework under which the Federal Circuit has repeatedly held that expert testimony is not invariably required. UTW gets the issue entirely backwards. *LKQ* fully supports the presentation of Alvantor's invalidity defenses to the jury without expert testimony.

### C. Defendant Can Adequately Present its Prior Art and Defenses to the Jury Without Expert Opinion Testimony

Plaintiff mistakenly assumes that without an expert witness, there is no permissible way to place prior art before the jury. In reality, multiple alternative, strictly compliant pathways exist under the Federal Rules of Evidence to present

these documents so that the jury can use its own judgment, as permitted under the authority discussed above.

***Admissibility as Self-Authenticating Public Records*****:** The prior art references consist of U.S. patents and patent applications. Under Federal Rule of Evidence 902(1) and 902(5)**,** these documents are self-authenticating public records. They are admissible on their face. Defendants are legally permitted to introduce the physical patent documents into evidence without any sponsoring witness whatsoever.

***Permissible Lay Witness Testimony from Jianyong Wen*****:** Plaintiff argues that Defendants' owner and General Manager, Jianyong Wen, cannot provide any expert testimony relevant to invalidity, such as "reasons an ordinary designer would have modified certain prior art references, or whether an ordinary observer would consider the designs substantially the same." Motion, p. 7.

However, under Federal Rule of Evidence 701, a lay witness can provide observations rationally based on their own perceptions—even if those perceptions are shaped by a background in a particular industry—provided they do not cross into specialized legal conclusions on invalidity. The witness can provide the historical factual context, and the jury can ***independently*** apply that context to the prior art using its common sense judgment. *See HVLPO2, LLC v. Oxygen Frog, LLC***,** 949 F.3d 1376 (Fed. Cir. 2020)**,** where the Federal Circuit determined that prior art can be introduced without an expert, provided the lay witness does not give opinion testimony on the ultimate issue whether the patent is obvious. *See also Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, where the Federal Circuit found error where the trial court excluded a lay witness' testimony about the facts underlying an obviousness defense. 690 F.3d 1354, 1377 (Fed. Cir. 2013).

Wen will not offer an expert opinion under Rule 702; he is a fact witness under Federal Rule of Evidence 602. As an individual with decades of personal experience who holds over thirty patents in the pop-up tent space—which UTW does not

dispute—he can testify as a lay witness regarding his first-hand knowledge of the state of the art and standard design practices over the years. He can testify factually about what features existed in the market and how tents are built and shaped. The jury, using its independent common sense judgment, can form its own opinion on the ultimate issue whether the prior art references render the asserted patents invalid.

**D. Defendants Are Entitled to Present Evidence of Trademark Infringement Damages**

Plaintiff's motion also impermissibly seeks summary judgment on the issue of damages under the guise of a motion *in limine*. Plaintiff's motion does not seek to cure an evidentiary prejudice; rather, it seeks a matter-of-law ruling entirely disposing of Defendants' claim to trademark damages. Courts routinely reject such efforts, holding that a motion *in limine* may not be used as a 'disguised motion for summary judgment' to bypass procedural rules and deadlines. *See Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). A motion *in limine* "is not a proper vehicle for a party to ask the Court to ***weigh the sufficiency of the evidence to support a particular claim or defense***, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (emphasis added); *see also Bakst v. Cmty. Mem. Health Sys.*, No. CV 09-08241 MMM (FFMx), 2011 U.S. Dist. LEXIS 163192, 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) ("[A] motion *in limine* is not a proper vehicle by which to seek summary judgment on a claim."); *see also Via Waves Comm'cns, LLC v. ARC Phone Canada, Inc.*, No. CV-01-10370 CAS (MANx), 2004 U.S. Dist. LEXIS 30694, 2004 WL 5486633, *4 (C.D. Cal. October 19, 2004) (denying a motion *in limine* that was "a late and improper attempt to obtain summary judgment.").

Plaintiff's attempt to summarily adjudicate this issue should be denied as the adequacy and quantification of trademark damages are questions for the jury.

## III. CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court deny UTW's Motion in Limine to exclude evidence of design patent invalidity and trademark damages.

Date: September 15, 2026

Respectfully submitted,
By:/s/ Xiyan Zhang

Xiyan Zhang (Pro Hac Vice)
Pete S. Wolfgram (Pro Hac Vic)
STRATUM LAW LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
Xzhang@stratumlaw.com
pwolfgram@stratumlaw.com
*Attorneys for Defendants Alvantor Industry Company, Ltd., and Eighteentek, Inc.*