# Exhibit A

Lisa Tan – SBN 228326
ltan@dbllawyers.com
Thomas Dunlap (*Pro Hac Vice*)
tdunlap@dbllawyers.com
Michael Shafer (*Pro Hac Vice*)
mshafer@dbllawyers.com
William Flachsbart (*Pro Hac Vice*)
wflachsbart@dbllawyers.com
Mark Magas (*Pro Hac Vice*)
mmagas@dbllawyers.com
DUNLAP BENNETT & LUDWIG PLLC
275 E. California Blvd., Pasadena, CA 91106
(682) 683-8869

Griffin Lee – SBN 283607
Griffin@griffinleelaw.com
THE LAW OFFICE OF GRIFFIN LEE, PC
3300 Foothill Blvd. #12360, La Crescenta, CA 91214-2516
(424) 353-2226

Attorneys for Defendants
ALVANTOR INDUSTRY COMPANY, LTD. and
EIGHTEENTEK, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDER THE WEATHER, LLC, an Ohio limited liability company,<br><br>Plaintiff/Counterclaim Defendant,<br>v.<br><br>ALVANTOR INDUSTRY COMPANY, LTD., a California corporation; and EIGHTEENTEK, INC., a California corporation,<br><br>Defendants/Counterclaimants. | Case No. 2:23-cv-08343-SB-E<br><br>**ALVANTOR'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-19)**<br><br>**CONTAINS CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY MATERIAL** |

The Accused Product has been on the market since 2019 and therefore no sales were made in the years 2017 or 2018.

Alvantor has sold approximately $82,733.36 of the Accused Product since January 1, 2017.

EighteenTek has sold approximately $293,908.48 of the Accused Product since January 1, 2017.

To the extent able, Defendant will supplement this response to provide a breakdown of these sales by year.

**Supplemental Response:**

Subject to the foregoing general and specific objections, the above response accounts for all sales of the Accused Product made on behalf of Alvantor and EighteenTek. For the sake of clarity, no third-party entity sells products on behalf of Alvantor or EighteenTek.

Defendants have produced the breakdown of sales by year for the Accused Product in documents bates numbered ALV000008 and EIG000003.

**INTERROGATORY NO. 9:**

State in dollars the total sales of Accused Product sold by You in the U.S. by year, for each year since January 1, 2017.

**Response:**

Defendant objects to this interrogatory as entirely duplicative of Interrogatory No. 8 and refers UTW to the response contained therein.

**INTERROGATORY NO. 10:**

Describe in detail all facts that You contend support your First, Second, and Third Affirmative Defense that the '689, '690, '997, and '998 Patents are invalid, including by identifying any theory under which you contend the patents are invalid, the factual basis for that theory and identifying any prior art on which you rely, and providing claim charts showing where you contend the claimed features are present in the prior art.

**Response:**

Defendant objects to this interrogatory as overly broad in that it requests Defendant to "describe in detail all facts."

Defendant further objects to this interrogatory to the extent it requires Defendant to marshal all of its available proof or the proof it intends to offer at trial with nearly eight months left until the close of discovery. This interrogatory requests information that will not be known until after additional discovery is completed. This interrogatory is therefore a premature contention interrogatory. *See, e.g., Folz v. Union Pac. R. R. Co.*, No 13-cv-00579, 2014 U.S. DIST LEXIS 15020, 2014 WL 357929, at *3 & n. 1 (S.D. Cal. Jan. 31, 2014). Defendant reserves the right to supplement its responses as provided for under Rule 26.

Defendant further objects to this interrogatory as seeking expert discovery.

Subject to the foregoing general and specific objections, Defendant responds as follows:

These patents are invalid under at least three theories: anticipation/obviousness, functionality, and indefiniteness.

The '689, '690, '997, '998 patents (collectively, "Asserted Patents") are invalid as obvious. There exists ample prior art that shows that the Asserted Patents are invalid as anticipated or obvious over prior art. For example, the Outback Porta-Privy product has an overall appearance showing design characteristics that are basically the same as those of the claimed designs of the Asserted Patents. Additionally, Taiwanese Patent No. TWM358851 has an overall appearance showing design characteristics that are basically the same as those of the claimed designs of the Asserted Patents. For further example, the Asserted Patents are invalid as anticipated or obvious over United States Patent Publication No. 20060169310, which was filed February 1, 2005. Additional prior art includes United States Patent Nos. 6,325,086, 8,899,252, 7,775,230, D558,832, 2,268,281, 7,178,538, 5,411,046, 6,328,050, 3,010,464, 2,623,532, 7,654,910, D661,362, D648,837, 7,398,612, 7,588,045,

D366,511, D323,693, D388,177, 3,550,601, D438,589, and 5,974,597; United States Patent Publication Nos. 20090044446, 20020069904, 20090151242, and 20060283493; and Chinese Patent Nos. 2325466Y and 2571937Y.

Further, the Asserted Patents are invalid as obvious or anticipated by prior art identified in Anthem Sports, LLC's lawsuit against UTW. This prior art includes the Black Pearl Tiki Tent Pop-Up Changing Room and Tanning Tent, the Pop Up Spray Tanning Tent, the Insect-a-Hide Pop-Up Shelter, U.S. App. No. 2009/0044446, U.S. Patent No. D634,932, U.S. App. No. 2006/0169310, U.S. Patent No. 7,178,538, U.S. Patent No. 7,418,919, U.S. Patent No. D559,140, U.S. Patent No. D617,841, U.S. App. No. 2007/0039640, and U.S. App. No. 2007/0193614.

Additionally, Defendant is aware of substantially similar products that predate March 30, 2011 – the asserted priority date of the Asserted Patents. For instance, Oztrail's Pop Up Ensuite Tent, pictured below, was available for purchase prior to March 30, 2011, as can be seen in a YouTube video demonstrating how to fold the product posted on March 29, 2009, available at < https://www.youtube.com/watch?v=RprCFCCJ7Ow>



Defendant is preparing and will provide a claims chart responsive to this interrogatory as part of its expert report in this matter.

All of the foregoing prior art, either alone or in combination, render the

Asserted Patents invalid as anticipated or obvious. Any of these references would qualify as a primary reference in any obvious combination because each reference has specific design characteristics that are the same as the claimed design and any modification thereto would not destroy the fundamental overall aesthetic appearance of the design. All of these references are so related that the appearance of features shown in one would suggest the application of those features to the other.

The Asserted Patents are further invalid as indefinite. Each of the Asserted Patents lack clarity and detail rendering the claims indefinite. A person skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the claimed designs with reasonable certainty based on the claims and visual disclosures.

There are several inconsistencies in the disclosed drawings of the Asserted Patents rendering them indefinite. The border widths appear inconsistent, the panels of the pod meet at different heights in different drawings, borders appear and disappear in different drawings, and the top appears more rounded in some drawings than others. For instance:



FIG. 1



FIG. 4







FIG. 6



FIG. 4

Discovery in this matter and analysis of the Asserted Patents is ongoing and Alvantor intends to provide a complete list all inconsistencies in each of the Asserted Patents.

Finally, the Asserted Patents are invalid because they improperly cover

functional elements of the products. The shape of the asserted patents are dictated by their function: a personal pod that protects a user from inclement weather. Moreover, the transparency of the Asserted Patents is dictated by a need to see out of the enclosure. The products covered by the Asserted Patents are often used to spectate outdoor activities or, in the case of pods designed to prevent the transmission of airborne disease, interact with those outside of the pod while still enclosed. Just as a window must be transparent to achieve its function, so must the Asserted Patents.

**INTERROGATORY NO. 11:**

Describe in detail the complete factual and legal basis for your allegations in the Second Affirmative Defense.

**Response:**

Defendant objects to this interrogatory as duplicative of Interrogatory No. 10 and refers UTW to its objections and response therein.

**INTERROGATORY NO. 12:**

Describe in detail the complete factual and legal basis for your allegations in the Third Affirmative Defense.

**Response:**

Defendant objects to this interrogatory as duplicative of Interrogatory No. 10 and refers UTW to its objections and response therein.

**INTERROGATORY NO. 13:**

Describe in detail the complete factual and legal basis for your allegations in the Fourth Affirmative Defense.

**Response:**

Defendant objects to this interrogatory as overly broad in that it requests Defendant to “describe in detail all facts.”

Defendant objects to this interrogatory to the extent it requires Defendant to marshal all of its available proof or the proof it intends to offer at trial with nearly eight months left until the close of discovery. This interrogatory requests information

**PROOF OF SERVICE**

On this 20th day of March 2024, a true and correct copy of Alvantor's Supplemental Answers to Plaintiff's First Set of Interrogatories was served by electronic mail by Michael Shafer of Dunlap Bennett & Ludwig PLLC on the parties as listed below.

Michael K. Friedland (michael.friedland@fciplaw.com)
Joseph S. Cianfrani (joe.cianfrani@fciplaw.com)
*Attorneys for Plaintiff UNDER THE WEATHER, LLC*

Dated: March 20, 2024

/s/ *Michael Shafer*
Michael Shafer